IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LIONEL J. MISSOURI, | Civil No. 19-13525(RMB/JS) |
| Plaintiff, | **OPINION** |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

**APPEARANCES**:

LIONEL J. MISSOURI
1 MILLBANK COURT
VOORHEES, NJ ZIP

   *Pro se.*

JAMES N. BOUDREAU
CHRISTIANA L. SIGNS
GREENBERG TRAURIG LLP
1717 ARCH STREET
SUITE 400
PHILADELPHIA, PA 19103

   *On behalf of Defendant Amazon.com, Inc.*

**BUMB, District Judge**

This case concerns a *pro se* suit by a former employee of Amazon.com, Inc. ("Amazon"). Currently before the Court is Defendant's Motion to Dismiss. For the reasons discussed herein, Defendant's Motion to Dismiss will be granted, the Complaint will be dismissed without prejudice, and Plaintiff will be granted leave to file an Amended Complaint.

## BACKGROUND

The facts of this matter are not disputed by the parties. In the fall of 2018, Plaintiff Lionel J. Missouri sought and obtained an "at-will" employee position at an Amazon warehouse in Bellmawr, New Jersey. Mr. Missouri intended to work overnight shifts for Amazon on a part-time basis to supplement the income from his daytime job working in downtown Philadelphia. Mr. Missouri was instructed to use an Amazon online portal, by means of which which employees can review shift availability and sign up for desired timeslots. After working for three days in early November 2018, however, Mr. Missouri was unable to obtain subsequent overnight shifts, due to an apparent lack of availability of shifts which matched his desired hours.

After trying, and failing, to obtain additional shifts over the course of several weeks, Mr. Missouri contacted Amazon Human Resources via email on November 26, 2018. That same day, he received an initial response from an Amazon HR representative, Ms. Caitlyn HayGlass, requesting a copy of his offer letter for her review. Mr. Missouri responded on November 27 and attached a copy of that letter.

More than a month passed, during which time Mr. Missouri experienced a continuing inability to acquire shifts that met his desired time parameters. He did not have further contact

with Amazon HR, however, until January 14, 2019.  On that date, Mr. Missouri wrote a lengthy email to Ms. HayGlass.  This email was prompted by Mr. Missouri's discovery of deposits made by Amazon into his bank account – deposits which he presumed had been made in error, as he had not worked any shifts for Amazon in over two months.  In that same email, Mr. Missouri took the opportunity to reiterate his frustration with the Amazon shift acquisition process.

Ms. HayGlass responded via email on January 15.  She indicated to Mr. Missouri that she had initiated an investigation into the provenance of the bank deposits.  She also requested further information from Mr. Missouri regarding his concerns with his Amazon employment.  Mr. Missouri responded briefly that same day, but did not provide any additional information to Ms. HayGlass.  Instead, he expressed his general disappointment with his experience as an Amazon employee.

After further email communication between Amazon representatives and Mr. Missouri, and while the investigation into the bank deposits was still apparently in progress, Mr. Missouri submitted his notice of resignation, via a January 21 email to Ms. HayGlass.

Ms. HayGlass replied via email that same day, accepting Mr. Missouri's resignation and expressing sympathy to him for the fact that available shifts had not coincided with his own

availability.  She also assured him that he had earned the money deposited in his account, which her investigation had revealed consisted of pay for orientation and training, as well as the November and December holidays.

On April 15, 2019, Mr. Missouri filed a Complaint against Amazon in the Superior Court of New Jersey, Civil Division, Camden County, alleging that on November 27, 2018 Amazon had "violated its own policy against [its] employee."  In his Complaint, Mr. Missouri made reference to both the "Amazon Owner's Manual and Guide to Employment – December 2017" (hereinafter the "Amazon Employment Manual" or the "Manual") and his initial November 26, 2018 email to Human Resources, which he referred to as "his grievance as an employee of Amazon."

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity between Plaintiff and Defendants and the amount in controversy is alleged to exceed $75,000.

### B. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as

true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556

5

U.S. 662, 664, 675, 679 (2009)).  A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

The Third Circuit, however, has noted that "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established."  Higgs v. Atty. Gen. of the U.S., 655 F.3d 333 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106

(1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure."). When a plaintiff files a complaint *pro se* and is faced with a motion to dismiss, "unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (Alito, J.)) (emphasis added). This is the case even when leave to amend has not been sought; in such a situation, a district court is directed to set a time period for leave to amend. Shane, 213 F.3d at 116 (citing Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

**C. Defendant's Motion to Dismiss**

Defendant moves to dismiss the Complaint for failure to state a claim. It approaches Plaintiff's complaint under the assumption that, absent reference to any state or federal law or common law cause of action, Mr. Missouri may have attempted to allege a "breach of implied employment contract" claim. (Def's Motion Brief at 5.) Defendant argues that the Amazon Employment Manual does not create an implied contract, is due to its explicit, immediate, and reiterated disclaimer of formation of a

contract.  Defendant argues that such disclaimers mean that Mr. Missouri could not have reasonably believed that the Manual constituted a legally binding contract.  Moreover, Defendant argues that Mr. Missouri has failed to allege breach by Amazon of any such contract, as the Complaint acknowledges that Amazon HR responded to his communications, albeit neither within the timeframe he would have liked, nor to his ultimate satisfaction.  Defendant notes that the Manual contains no promises regarding the timeframe for resolution of employee complaints, nor any regarding outcomes.

   Plaintiff opposes Defendants' motion.  In so doing, he does not cite to any state or federal law.  Rather, he states repeatedly that "Plaintiff asserts his matter involves his Grievance / Employment Act 2002."  See, e.g., Pltf.'s Opp. at 6-8.  This appears to be an invocation of an Act of the British Parliament which amended labor laws in the United Kingdom.  Plaintiff repeatedly disclaims potential legal arguments referenced in Defendant's brief.  See, e.g., Pltf. Opp. at 6 ("Plaintiff in the aforementioned and present matter did not allege a claim of wrongful termination and nor was Plaintiff terminated"); id. at 7 ("Plaintiff in the aforementioned and present matter did not allege a claim of breach of contract"); id. at 8 ("Plaintiff did not allege a claim of an Employment Contract nor did Plaintiff make an implication"); see also id.

at 6 (asserting that a case cited by Defendant "has no relevancy in the matter" because it "involves a Plaintiff's claim in lieu of a contract between the parties . . . and whether or not Defendant breached their contractual obligations.").

    a. **Whether the Complaint States a Claim Upon Which Relief Can Be Granted**

The Court agrees with Defendant that Plaintiff's Complaint, even when read in conjunction with the supporting documentation provided and in the light most favorable to the Plaintiff, does not state a claim upon which relief can be granted. As noted above, Plaintiff does not allege termination, wrongful or otherwise, by Amazon. Nor does he allege that Amazon violated any New Jersey or federal statute, or breached any supposed duty, in its treatment of him.

Defendant presents perhaps the most charitable interpretation of Plaintiff's position: that Amazon HR's failure to address Mr. Missouri's complaint regarding shift allocation in a timeframe and with an outcome satisfactory to him constituted a breach of an implied pseudo-contractual obligation created by the terms of the Amazon Employee Manual. Endorsing this interpretation, however, would require the Court to ignore Plaintiff's <u>repeated</u> and <u>explicit</u> disavowal of this theory of the case. Additionally, the Court finds Defendant's analysis of such a claim's lack of viability compelling given the set of

facts alleged in the Complaint.

### b. Whether the Court Should Dismiss With Prejudice

Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice, and cites Jackson v. Division of Developmental Disabilities, 394 F. App'x 950 (3d Cir. 2010), for the proposition that dismissal with prejudice is proper in circumstances where allowing a *pro se* plaintiff to amend would be futile. Defendant argues that Mr. Missouri's Complaint should be similarly handled.

Jackson may be distinguished from Mr. Missouri's situation, however, by the sheer volume of materials submitted by the plaintiff that the district court had at its disposal. The Circuit Court's rationale is compelling:

> Ordinarily, a plaintiff must be given leave to amend before his or her complaint is dismissed with prejudice on that basis. *See Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). In this case, however, we have the benefit of the 106 letters that Jackson sent the District Court (as well as the over 50 letters that he has sent this Court during the pendency of his appeal). Regardless of whether these letters were properly filed with the District Court or with ours, they have given Jackson ample opportunity to elaborate on his claims. Like his complaint, however, they contain nothing suggesting that the DDD has engaged in actionable conduct. Thus, we are satisfied that any amendment of Jackson's complaint would be futile.

Jackson, 394 F. App'x at 952 (emphases added). The District Court in Jackson had at its disposal, in addition to Jackson's initial Complaint and his response to Defendant's

Motion to Dismiss, a veritable cornucopia of correspondence from the Plaintiff regarding his claims.  Here, by contrast, the Court has at hand only Mr. Missouri's initial Complaint and his Opposition to Defendant's Motion.  The Court does not have at the ready so much material from Mr. Missouri as to overcome the Circuit's reminder that "ordinarily" the *pro se* plaintiff "<u>must</u> be given leave to amend" prior to a dismissal with prejudice.

## CONCLUSION

For the reasons stated in this Opinion, this Court will grant Defendant's Motion to Dismiss, dismiss the Complaint without prejudice, and grant Plaintiff leave to amend his Complaint and re-file within thirty days.

An appropriate Order will be entered.

Dated: January 24, 2020               s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE