```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE
```

| | |
|---|---|
| LIONEL J. MISSOURI,  | Civil No. 19-13525(RMB/JS) |
| Plaintiff, | |
| v. | **OPINION** |
| AMAZON.COM, INC., | |
| Defendant. | |

**APPEARANCES**:

LIONEL J. MISSOURI
1 MILLBANK COURT
VOORHEES, NJ ZIP

    *Pro se.*

JAMES N. BOUDREAU
CHRISTIANA L. SIGNS
GREENBERG TRAURIG LLP
1717 ARCH STREET
SUITE 400
PHILADELPHIA, PA 19103

    *On behalf of Defendant Amazon.com, Inc.*

**BUMB, District Judge**

    This case concerns a *pro se* suit by a former employee of Amazon.com, Inc. ("Amazon" or "Defendant"). Currently before the Court is Defendant's Motion to Dismiss the Plaintiff's Amended Complaint. For the reasons discussed herein, Defendant's Motion to Dismiss will be granted and the Amended Complaint will be dismissed with prejudice.

## BACKGROUND

The facts of this matter are not disputed by the parties and were reviewed in greater detail in this Court's previous Opinion in this matter.  In the fall of 2018, Plaintiff Lionel J. Missouri sought and obtained an "at-will" employee position at an Amazon warehouse in Bellmawr, New Jersey.  Mr. Missouri intended to work overnight shifts for Amazon on a part-time basis to supplement the income from his daytime job working in downtown Philadelphia.  Mr. Missouri was instructed to use an Amazon online portal to review shift availability and sign up for desired timeslots.  After working for three days in early November 2018, however, Mr. Missouri was unable to obtain subsequent overnight shifts, due to an apparent lack of availability of shifts which matched his desired hours.

After trying, and failing, to obtain additional shifts over the course of several weeks, Mr. Missouri engaged in an initial correspondence with Amazon Human Resources via email on November 26-27, 2018.  More than a month passed, during which time Mr. Missouri experienced a continuing inability to acquire shifts that met his desired time parameters.  He did not have further contact with Amazon HR, however, until January 14-15, 2019, when Mr. Missouri engaged in further email correspondence with the same HR representative, Ms. Caitlin HayGlass, regarding his confusion over deposits into his bank account which he believed

had been made in error. In the course of this correspondence, Mr. Missouri took the opportunity to reiterate his frustration with the Amazon shift acquisition process and expressed general disappointment with his experience as an employee, but did not provide any additional information in response to Ms. HayGlass' inquiries. Within a week, on January 21, 2019, Mr. Missouri submitted notice of his resignation, again via email to Ms. HayGlass.

On April 15, 2019, Mr. Missouri filed a Complaint against Amazon in the Superior Court of New Jersey, Civil Division, Camden County, alleging that on November 27, 2018 Amazon had "violated its own policy against [its] employee." Amazon removed the matter to this Court on June 7, 2019. [Dkt. No. 1]

Amazon filed a Motion to Dismiss on June 28, 2019. [Dkt. No. 8] On January 24, 2020, this Court issued an Opinion and Order dismissing the Complaint without prejudice, and granting Mr. Missouri leave to amend within thirty days. [Dkt. Nos. 15-16] On February 24, 2020, Mr. Missouri filed Motion for Leave to File an Amended Complaint, with the Complaint itself attached. [Dkt. No. 17] On February 26, 2020, the Court issued an Order converting the Motion into an Amended Complaint. [Dkt. No. 18]

On March 18, 2020, Amazon filed a Motion to Dismiss the Amended Complaint. [Dkt. No. 20] On September 10, 2020, the

3

Court issued an Order to Show Cause directing Mr. Missouri to respond to Amazon's Motion.  On October 8, 2020, Mr. Missouri responded to the Order and opposed the Motion.

## ANALYSIS

**A.   Subject Matter Jurisdiction**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity between Plaintiff and Defendant and the amount in controversy is alleged to exceed $75,000.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

4

cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416

5

U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

The Third Circuit, however, has noted that "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." Higgs v. Atty. Gen. of the U.S., 655 F.3d 333 (3d Cir. 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also Tabron v. Grace, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (noting that the Third Circuit has "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure."). When a plaintiff files a complaint *pro se* and is faced with a motion to dismiss, "unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (Alito, J.))

(emphasis added). This is the case even when leave to amend has not been sought; in such a situation, a district court is directed to set a time period for leave to amend. Shane, 213 F.3d at 116 (citing Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)). If, however, allowing the *pro se* plaintiff to amend would be futile, dismissal with prejudice is proper. See Jackson v. Division of Developmental Disabilities, 394 F. App'x 950, 952 (3d Cir. 2010) (holding that amendment of complaint would be futile because *pro se* plaintiff had "ample opportunity to elaborate on his claims").

    **C.    Defendant's Motion to Dismiss**

Amazon moves to dismiss the Amended Complaint for failure to state a claim. It notes that Plaintiff only expressly asserts one cause of action: a violation of "New Jersey Bill A1117," a piece of legislation introduced in the New Jersey Assembly in 2016 which was never actually adopted as law. Defendant argues that because "Bill A1117" never became law, Plaintiff "cannot invoke its protections or rely on it to support his claim for relief" – and that, even if the bill were law, Plaintiff has failed to allege any specific conduct amounting to a violation of its provisions.

Defendant further scrutinizes the Amended Complaint for other possible claims, and notes that Plaintiff makes references to a binding contract between the parties, and to negligent

7

infliction of emotional distress.  Defendant argues that Plaintiff cannot prevail on contractual grounds, as his Amended Complaint "cannot state a position inconsistent with the original pleading" and the "law of the case" doctrine prevents relitigation of the issue.  Defendant notes that Plaintiff strenuously asserted in opposing Defendant's prior Motion to Dismiss that his filing "is and was **NOT** a Complaint regarding an Implied Contract <u>**or**</u> Breach of Contract." (Def's Motion Brief at 6.)  Defendant also points out that this Court found that the relationship between Plaintiff and Amazon did not implicate contract law. (Def's Motion Brief at 6, citing Dkt. No. 15 at 9.)  Finally, Defendant notes that the New Jersey Worker's Compensation Act is the exclusive remedy for any work-related negligence claim, and that on this basis courts in the District of New Jersey have routinely dismissed NIED claims asserted by employees. (Def's Motion Brief at 6-7.)

    Plaintiff opposes Defendant's Motion.  As was the case in his Opposition to Defendant's previous Motion to Dismiss, Plaintiff does not cite to any state or federal law.[1]  Plaintiff does, however, make reference to "any employment contract . . . [be]i[ng] binding with and by the traditional principles of

---

[1] Plaintiff does reference a citation from Defendant's Motion, <u>Ditzel v. University of Medicine and Dentistry</u>, 962 F. Supp. 595, 608 (D.N.J. 1997), as "disingenuous and very saddening[.]" (Pltf's Opp. Brief at 7.)  Plaintiff also makes a puzzling offhand reference to the Statute of Frauds. (<u>Id.</u>)

8

contract law[,]" and says that "Defendant violated the agreement between each party[,] which too led to an emotional distress that Plaintiff incurred[.]" (Pltf.'s Opp. Brief at 5.)

a. **Whether the Complaint States a Claim Upon Which Relief Can Be Granted**

The Court agrees with Defendant that Plaintiff's Amended Complaint, even when read in conjunction with the supporting documentation provided and in the light most favorable to the Plaintiff, does not state a claim upon which relief can be granted. As in the previous Complaint, Plaintiff does not allege termination, wrongful or otherwise, by Amazon. Nor does Plaintiff allege that Amazon violated any existing New Jersey or federal statute in its treatment of him.

Plaintiff does, for the first time in these proceedings, allege the existence of a binding contract between himself and Amazon, and a breach of duties stemming therefrom. However, to accept such allegations at this juncture would not only "require the Court to ignore Plaintiff's [prior] repeated and explicit disavowal of this theory of the case" (Dkt. No. 15 at 9), but also mandate that the Court ignore its previous finding that "Defendant's analysis of . . . [a breach of contract] claim's lack of viability compelling given the set of facts alleged in the Complaint" (Id. at 9-10) – a set of facts which the Amended Complaint has not supplemented or otherwise modified.

9

### **b. Whether the Court Should Dismiss With Prejudice**

Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice on the grounds that further amendment would be futile.

In its previous Opinion, the Court distinguished this case from that of the plaintiff in Jackson, noting that, having at hand only Mr. Missouri's initial Complaint and his Opposition to Defendant's Motion, the Court did "not have at the ready so much material from Mr. Missouri as to overcome the Circuit's reminder that 'ordinarily' the *pro se* plaintiff 'must be given leave to amend' prior to a dismissal with prejudice." (Dkt. No. 15 at 11.)  At this juncture, the Court now also has the benefit of Mr. Missouri's Amended Complaint, which has again failed to allege a cause of action upon which relief may be granted, and his Opposition, which has again failed to address the arguments raised in Defendant's Motion, and in fact contained arguments directly at odds with those in his previous filing.  The Court has no cause to believe that further opportunity for amendment of Plaintiff's Complaint would have an ameliorative impact on these proceedings.[2]

---

[2] The Court notes that to the extent Plaintiff wishes to assert a breach of contract claim for which he in good faith alleges a binding contract existed between the parties, this Court cannot prevent the filing of such new complaint.  The Court notes, however, any such filing must be brought in good faith and if it is not, a party is subject to sanctions.

## **CONCLUSION**

For the reasons stated in this Opinion, the Court will grant Defendant's Motion to Dismiss and dismiss the Amended Complaint with prejudice.

An appropriate Order will be entered.


Dated: October 27, 2020              s/Renée Marie Bumb
                                     RENÉE MARIE BUMB
                                     UNITED STATES DISTRICT JUDGE